UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR <br><br> MDL No. 3047 |
| THIS DOCUMENT RELATES TO: | |
| The School Board of Hillsborough County, Florida v. Meta Platforms Inc., et. al. | |
| Member Case No. 4:24-cv-01573 | |

## NON-PARTY, STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES' MOTION TO QUASH OR MODIFY SUBPOENA AND INCORPORATED MEMORANDUM OF SUPPORT

The State of Florida, Department of Children and Families ("Department"), through undersigned counsel, files this Motion to Quash, pursuant to Federal Rule of Civil Procedure 45(d)(3), and hereby requests this Court quash the Subpoena served upon the Department by Defendant, Snap Inc., for the following reasons:

1. The Department was served with a Subpoena, attached hereto as Exhibit A, by Defendant, Snap Inc., on August 8, 2024.

2. Defendant, Snap Inc., issued the Subpoena out of the Northern District of California, in *The School Board of Hillsborough County, Florida v. Meta Platforms Inc., et. al.*, Case No. 4:24-cv-01573.

3. The Subpoena return date is Saturday, September 7, 2024; therefore, compliance is required by September 9, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C).

4. The Northern District of Florida, Tallahassee Division, is the court in the district where compliance is required; therefore, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), this Court has jurisdiction to quash or modify the Subpoena.

5. The Department is filing this motion to preserve any arguments related to the Subpoena but will seek to confer with Defendant, Snap Inc., in good faith to resolve the issues related to the Subpoena.

## ARGUMENT

Federal Rule of Civil Procedure 45(d)(3)(A) states:

> "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

"[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Jimmy A. Dunn Excavating Co. v. Eagle Pipeline, LLC*, No. 2:16-cv-4409, 2020 WL 1876338, at *2 (S.D. W. Va. Apr. 15, 2020) (quoting *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016)) (alteration in original); *see also In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 612.

This Court should to quash the Subpoena because (1) this Motion is filed timely; (2) the Subpoena subjects the Department to undue burden, (3) requires production of documents protected as confidential under Florida and federal law, and (4) fails to allow a reasonable time to comply.

**(1) This Motion is timely filed.**

Federal Rule of Civil Procedure 45(d)(3)(A) requires that a motion to quash be timely filed; however, the rule does not set forth a specific time-period for filing a motion to quash a subpoena." *Wyndham Vacation Ownership, Inc., et al., Plaintiffs, v. Clapp Business Law, LLC, et al., Defendants.*, 2019 WL 8353899 (M.D. Fla.) ("What constitutes timeliness is not stated in the Rule but, a "motion to quash is generally considered timely if it is brought before the time indicated for compliance."); *Flynn v. Square One Distribution, Inc*., No. 6:16-MC-25-ORL-37TBS, 2016 WL 2997673, at *1 (M.D. Fla. May 25, 2016) (citing FED. R. CIV. P. 45, Rules and Commentary);  ("It follows that a motion to quash is untimely if it is filed after the date compliance is required.")  *Id.*

Here, the Subpoena required compliance by Saturday, September 7, 2024. Because that is a Saturday, compliance is required by Monday, September 9, 2024. *See* Fed. R. Civ. Pro. 6(a)(1)(c) ("When the period is stated in days or a longer unit of time: . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not

3

a Saturday, Sunday, or legal holiday."). As such, this Motion filed September 9, 2024, is timely.

**(2) The Subpoena subjects the Department to undue burden because it is (a) overbroad and (b) the Department would incur excessive expenditure of time and expense to comply with the Subpoena.**

    **(a) The Subpoena is overbroad, and therefore, an undue burden on the Department.**

"A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 527 (N.D. Fla. Jan. 28, 2013). "The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." *Travelers Indem. Co. of Conn. v. Richard McKenzie & Sons, Inc.*, No. 8:17-cv-2106, 2018 WL 3391267, at *6 (M.D. Fla. Mar. 14, 2018); *see also* Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). "Thus, a court must examine the subpoena under the same standards set forth in Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."). *Id*. "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena." *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007). "Courts, however, have held that

4

the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Id*. at *3 (citing *Chamberlain v. Farmington Sav. Bank*, No. 3:06-cv-01437, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."). "The Court, therefore, must determine whether the subpoenas *duces tecum* at issue seek irrelevant information and/or are overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production." *Id*. at *3.

Here, the Subpoena requests are so broad as to make it make it virtually impossible to narrow down what documents the Department may have that would be responsive to the Subpoena. In fact, the Department attempted in good faith to try and find responsive documents to this Subpoena but was unable to do so because the Subpoena request is so broad it could touch upon potentially thousands of documents in the Departments possession or in the possession of its contracted providers. It is clear that the requests are not tailored to the services the Department provides as some of requests seek documents completely unrelated to any area the Department has involvement with. Many of the requests encompass populations of people that the Department does not serve, or populations that the Department may serve but does not differentiate down to the level requested in the Subpoena. For example, many of the requests ask for information about students. Although the Department does serve persons that happen to be students, it does not provide services exclusively to students

or track data relevant to students. Other requests seek information that the Department may have in its possession only because it was given the information by third parties that would fall under the terms of the request.

### (b) The Department would incur excessive expenditure of time and expense to comply with the Subpoena.

A subpoena subjects a nonparty to undue burden if it "seeks information irrelevant to the case or that would require [the] non-party to incur excessive expenditure of time or money." *Gilmore v. Jones*, 339 F.R.D. 111, 120 (W.D. Va. 2021); *Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012). Courts also consider the general discovery standards in Rule 26 when determining whether to quash or modify a subpoena directed to a nonparty. *Cook,* 484 F. App'x at 812 ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed, taking into consideration facts peculiar to their status as a non-party, those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26."); *see also Jordan*, 921 F.3d at 189 ("As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient."); Fed. R. Civ. P. 26(c)(1) (authorizing the court, upon good cause shown, to issue a protective order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Here, the Subpoena is so broad and expansive it would require great time and

expense to comply with. Many of the requests ask for documents the Department may have in its possession but would require a manual review to locate and determine if it may have responsive information. Additionally, many of the requests ask for data that the Department does not ordinarily compile. The Department's data team would have to shift their resources to pull this data at great expense and to the detriment of the Department's Legislative mission.

**(3) The Subpoena requires production of documents protected as confidential under Florida and federal law; therefore, it must be quashed.**

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii), a subpoena must be quashed or modified if it seeks documents that are privileged or otherwise protected. Here, many of the requests in the Subpoena are overly broad and would encompass documents protected under Florida and/or federal law. Specifically, section 39.202, Florida Statutes, (records related to child abuse and neglect are confidential), section 394.4615, Florida Statutes (clinical records of a person civilly committed are confidential), section 397.501 (clinical records related to substance abuse treatment are confidential), 7 C.F.R. §272.1(c) (the use or disclosure of information obtained from Supplemental Nutrition Assistance Program applicant or recipient households is restricted to a limited number of specific exceptions), 42 C.F.R. §§431.300-431.306 (the use or disclosure of information concerning Medicaid applicants and beneficiaries is restricted to purposes directly connected with the administration of the State's Medicaid plan), 45 C.F.R. §205.50 (the use or disclosure of information

concerning applicants and recipients of financial assistance programs will be limited to purposes directly connected with the State plan), the Health Insurance Portability and Accountability Act (HIPAA), and 42 C.F.R. Part 2. Any individual- specific documents in the Department's possession can only be released in this matter pursuant to a court order.

**(4) The Subpoena must be quashed because it fails to allow a reasonable time to comply.**

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i), a subpoena must be quashed or modified if it fails to allow a reasonable time to comply. The Department was only given thirty (30) days to comply with a Subpoena that seeks thousands of documents. It would be impossible for the Department to identify the responsive documents, review those documents, compile the data responsive to the requests, and provide that data in an acceptable format to Defendant, Snap Inc., within that timeframe.

**WHEREFORE**, The Department respectfully requests this Court quash the Subpoena because (1) the motion is timely filed, (2) the Subpoena is unduly burdensome to the Department, requiring inordinate expenditure of resources, (3) the Subpoena requires production of documents protected as confidential under Florida and federal law, and (4) the Subpoena fails to allow a reasonable time to comply.

Respectfully submitted,

/s/ Andrew J. McGinley
Andrew J. McGinley, #1013545
General Counsel
FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES
2415 North Monroe St.
Suite 100
Tallahassee, Florida 32303
(850) 717-4118
Andrew.mcginley@myflfamilies.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 9th day of September, 2024, I electronically filed the foregoing with the Clerk of the Northern District Court by using the CM/ECF system. A copy of the same was served this date via the CM/ECF system and electronic mail upon:

Jessica Davidson<br>
Skadden, Arps, Slate, Meagher & Flom, LLP<br>
One Manhattan West<br>
New York, New York 10001<br>
Jessica.davidson@skadden.com

Respectfully submitted,

/s/ Andrew J. McGinley
Andrew J. McGinley, #1013545
General Counsel
FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES
2415 North Monroe St.
Suite 100
Tallahassee, Florida 32303
(850) 717-4118
Andrew.mcginley@myflfamilies.com